IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY LOPEZ,

    Petitioner,

v.                                                                         Civ. No. 06-1254 BB/RLP

TIMOTHY HATCH, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently serving a sentence of life plus 12 years, having been found guilty by a jury of Accessory to Murder in the First Degree; Conspiracy to Commit Murder; Contributing to the Delinquency of a Minor; and Tampering with Evidence. *See* Answer, Exhibit A thereto. Judgment was entered on July 7, 2004.

2.    Petitioner appealed his conviction and on February 10, 2006, the New Mexico Supreme Court (NMSC) issued its decision affirming the conviction. Exhibit G. On April 25, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in state court, Exhibit I, which was summarily denied on June 9, 2006. Exhibit J. His subsequent petition for writ of certiorari, Exhibit K, was denied on July 21, 2006. Exhibit L. His § 2254 petition was filed in this Court on December 26, 2006 and is therefore timely.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3. The following narrative is a summary of the facts set forth in Petitioner's Brief in Chief filed in his direct appeal. *See* Exhibit D to Answer. At the time of the events in question, Petitioner and two step-sons lived in Clovis, New Mexico, and a third step-son, Marcelino, lived in Alamogordo. Marcelino had an altercation with Alamogordo resident Jerry Gonzales and then contacted Petitioner in Clovis to come to Alamogordo. Petitioner obtained two .380 caliber pistols and he and his two step-sons came to Alamogordo. After a day of drinking, smoking marijuana, and discussing revenge against Gonzales, Petitioner and others showed up at Gonzales' home where he was shot and killed by Petitioner's step-son Vincente, who used one of the .380 caliber pistols. Petitioner then returned to Clovis where he was later arrested and charged.

4. Petitioner's § 2254 petition repeats verbatim the claims set forth in the docketing statement from his state court case; his direct appeal; the grounds raised in his petition for state habeas corpus; and the grounds raised in his petition for certiorari in state court. These claims are:

      a. <u>Claims raised in the docketing statement</u>. trial court's denial of a continuance; improper admission of mug shots; and evidence of gang affiliation and tattoos; improper admission of co-defendant's statements; improper exclusion of victim's affiliation with the "Mexican mafia;" improper exclusion of evidence of a drug scale at the victim's home; and the trial court's failure to allow defense to play a portion of a videotape to the jury.

      b. <u>Claims raised on direct appeal</u>: trial court's failure to instruct the jury on the lesser-included-offense of voluntary manslaughter; ineffective assistance of counsel for his failure to assert an intoxication defense to the specific intent crimes; and insufficiency of the evidence on the charge of tampering with evidence.

      c. <u>Claims raised in the state habeas petition</u>: prosecutorial misconduct (portraying Petitioner as a gang member); prosecution's withholding of exculpatory evidence; improper admission of photographs of the victim and his family; ineffective assistance of counsel for failure to object to photographs of bullet holes in the victim's residence.

d. <u>Claims raised in the petition for writ of certiorari after denial of the habeas petition</u>: court's failure to hold a hearing and have jury hear his petition for writ of habeas corpus; court's failure to advise Petitioner of his right to allocution; denial of due process; ineffective assistance of counsel (failure to subpoena victim's phone records, conflict of interest, failure to seek change of venue, and failure to investigate; insufficiency of evidence to prove one individual was a juvenile; trial court's abuse of discretion for allowing jury to view crime scene; missing transcripts; ineffective assistance of appellate counsel for failure to raise all of the foregoing claims on direct appeal.

5. The Court now addresses the procedural posture of all of the foregoing claims. Claims raised in the docketing statement, but not raised in the direct appeal are deemed abandoned under New Mexico law. *State v. Cearley*, 92 P.3d 1284, 1288 (N.M. Ct. App. 2004), *cert. quashed*, 110 P.3d 508 (N.M. 2005). Thus, all of the claims in ¶ 4(a) are deemed abandoned unless they were part of the direct appeal.

6. The three claims raised on direct appeal, ¶ 4(b) are exhausted. However, the claim of insufficiency of the evidence on the charge of tampering with evidence was not identified as violating Petitioner's constitutional rights. A claim that a petitioner's federal constitutional rights were violated must be fairly presented to the state's highest court or the claim is deemed unexhausted. *Miranda v. Cooper*, 967, F.2d 392, 397 (10th Cir.), *cert. denied*, 506 U.S. 924 (1992). Accordingly, only claims (1) and (2) in ¶ 4(b) are properly before this Court.

7. In his state habeas petition, ¶ 4(c), Petitioner raised four claims, none of which was addressed in the writ of certiorari. "It has long been clear that a § 2254 petition containing federal claims which have not been exhausted in state court must be dismissed." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1368 (10th Cir. 1997) (citing *Rose v. Lundy*, 455 U.S. 509, 513-20 (1982)). Section 2254(b)(2), however, allows a court to consider a mixed petition (containing exhausted and unexhausted claims) if the petition is dismissed.

3

8. Claims raised in a state habeas petition but not raised on direct appeal are deemed waived unless there is cause and prejudice for the failure to raise them on appeal. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *See also State v. Gillihan*, 524 P.2d 1335, 1336 (N. M. 1974).[2] Ineffective assistance of counsel may provide cause, but such a showing must be accompanied by a showing of prejudice, *i.e.*, that the claim has merit and the result may well have been different. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

9. All of Petitioner's claims raised in the state habeas proceeding could have been raised on direct appeal. Indeed, some of these claims were listed in the docketing statement, but abandoned on direct appeal. A review of Petitioner's arguments indicates that none of the issues are cognizable in a federal habeas proceeding because they do not involve violations of his federal constitutional rights. All of the issues are evidentiary in nature and concern alleged errors of the trial court. "Habeas corpus is not a substitute for an appeal and matters involving trial errors may not be reviewed collaterally." *Chavez v. Baker*, 399 F.2d 943, 944 (10th Cir. 1968), *cert. denied*, 394 U.S. 950 (1969). This Court will not consider those matters.

10. Finally, as to the grounds raised for the first and only time in his petition for writ of certiorari,¶ 4(d), this Court finds those claims are unexhausted. To satisfy the exhaustion requirements, an applicant "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

---

[2] If state remedies are still available to the Petitioner, the unexhausted claims should be dismissed to allow Petitioner to raise them in state court. New Mexico courts, however, "will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, 5 Fed.Appx. 831 (10th Cir. 2001) (unpublished opinion)(citing *State v. Gillihan*, 524 P.2d 1335, 1336 (N.M. 1974)).

appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim is "not exhausted when it [is] presented only in a procedural context in which it would not ordinarily be considered." *Bloom v. McKune*, 130 Fed.Appx. 229, 232 (10th Cir. 2005) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1999)). Thus, a claim filed directly with the state's supreme court, when that filing bypasses the applicable appellate procedures, is not "properly exhausted." *Id.* (citing *id.*).

11. Certiorari review from denial of a habeas petition is discretionary. *Santillanes v. LeMaster*, 12 Fed.Appx. 728 (10th Cir.) (unpublished opinion)(citing *State v. Peppers*, 796 P.2d 614, 619 n.2 (N. M. Ct. App.), *cert. denied*, 794 P.2d 734 (1990)), *cert. denied*, 534 U.S. 922 (2001). As stated by the Tenth Circuit Court of Appeals, a claim presented for the first time on discretionary review is not fair presentation. *Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (citing *Castille*, 489 U.S. at 351). Accordingly, all of the claims raised in the petition for writ of certiorari are unexhausted. Because Petitioner may not now bring these claims in a state habeas petition, *see* n.2, *supra*, these claims are procedurally defaulted unless Petitioner can show cause and prejudice for the default.

12. Except for his claims about the lack of a hearing on his habeas petition and the claims concerning the jury's failure to consider his habeas petition, all of the claims raised in the petition for writ of certiorari could have been brought in the habeas proceeding. Petitioner was *pro se* for both petitions and had knowledge of all of the grounds raised at the time he filed his habeas petition. As for the hearing-related grounds, those claims are without merit and will not be considered.

13. Accordingly, the Court finds that the only grounds raised that are exhausted and not procedurally defaulted are (1) whether the trial court erred in refusing to instruct the

jury on the lesser-included-offense of voluntary manslaughter; and (2) whether trial counsel was ineffective for failing to request an intoxication instruction to the specific intent crimes of deliberate-intent murder and conspiracy.  *See* ¶¶ 4(b) & 6, *supra*.

14.	Petitioner was convicted of first degree murder as an accessory.  He argued to the NMSC and in his federal petition that he was entitled to a lesser included offense instruction of voluntary manslaughter.  The law in this circuit is clear: there is no constitutional right to a lesser included offense instruction in a non-capital case, and such claims may not be reviewed by the federal habeas court.  *Tiger v. Workman*, 445 F.3d 1265, 1268 (10th Cir. 2006); *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).  Thus, this claim is not cognizable on habeas review.

15.	The remaining claim asserted is whether counsel was constitutionally ineffective for failure to request an intoxication instruction as a defense to the specific intent crimes of first-degree murder and conspiracy.  Ineffective of assistance claims are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984).  The Petitioner must show both that his attorney's performance was defective and that he was prejudiced by the defective performance.  *Id.* at 687.  If performance is not deficient, then prejudice need not be shown.

16.	In rejecting this claim, the NMSC explained that although there was evidence that Petitioner had been drinking and smoking marijuana on the day in question, there was insufficient evidence at trial to warrant such an instruction.  "Most importantly, there was no evidence that Defendant's intoxication affected his ability to form the necessary mental state for a specific-intent crime."  Exhibit G  at 10.  The court found that state law required a showing both of intoxication and impairment sufficient to affect a defendant's mental state

at the time of the occurrence in question.  *Id.*  Mere evidence of drinking is insufficient.  *Id.*  The NMSC determined that because the evidence did not support an intoxication jury instruction, counsel was not deficient in tendering such an instruction.  This Court finds that the NMSC's determination is neither "contrary to" nor an "unreasonable application of" clearly established federal law.  *Williams v. Taylor*, 529 U.S. 362 (2000).

## RECOMMENDED DISPOSITION

I recommend that the application for a writ of habeas corpus be denied and this case be dismissed with prejudice.

_____
Richard L. Puglisi
United States Magistrate Judge